**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

CHARLES A. WINSTON                                                                                           PLAINTIFF
ADC #84733

V.                                           NO: 2:12CV00084 JMM/HDY

MARCUS I. ETHERLY *et al.*                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Charles A. Winston, an Arkansas Department of Correction ("ADC") inmate, filed this complaint on May 9, 2012. Pursuant to an order entered by Judge Moody (docket entry #14), Plaintiff is proceeding on claims that Defendant Marcus I. Etherly used excessive force against him in a May 5, 2009, incident, and retaliated against him on October 23, 2010, and November 1, 2010.

A jury trial has been demanded; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on April 8, 2013, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2

(1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.   Plaintiff was an inmate at the ADC's East Arkansas Regional Unit on May 5, 2009, when he was issued the wrong type of medicated eye ointment, which caused a burning sensation in his eyes.

2.   When medical staff members learned of the problem, they asked Plaintiff to return the ointment. Plaintiff returned the ointment, but refused to surrender the box, which he intended to keep as proof that he was issued the wrong ointment. At that point, the medical team and a guard who was present called for assistance.

3.   Defendant arrived with other guards, and asked Plaintiff where his "rack" was.[1] At that point, Plaintiff told Defendant that the box was not in his rack, but in his back pocket. As Plaintiff reached into his back pocket to get the box, Defendant rushed Plaintiff, knocking him into the wall and jerking Plaintiff's hand out of his pocket. As a result of the contact, Plaintiff aggravated an old shoulder injury and hurt his pinky finger. Both injuries resulted in pain, but no permanent problems.

4.   Plaintiff filed a claim with the Arkansas Claims Commission as a result of the incident. Plaintiff also filed an internal grievance.

5.   Plaintiff's Claims Commission claim was dismissed on October 21, 2010.

6.   On October 23, 2010, Defendant wrote Plaintiff a disciplinary charge for standing in a doorway and talking to another inmate when he was not allowed to do so. Although Plaintiff conceded that he violated prison policy in the incident, he testified that Defendant was "nitpicking"

---

[1] "Rack" is a term used to refer to the prison's beds.

in an effort to retaliate against him for his Claims Commission claim, as well as his grievance regarding the May 5, 2009, incident. Another inmate, Benson Smothers, was also charged that day for the same behavior. However, Plaintiff was convicted of his charges, while the charge against Smothers was dismissed because of errors Defendant made in drafting the other inmate's charging papers. Plaintiff asserts that the "errors" were actually not errors, but a calculated effort by Defendant to ensure Plaintiff was punished, and the other inmate would not be. Thus, Plaintiff contends the disciplinary charge was retaliatory.

7. On November 1, 2010, Plaintiff was attempting to have the clerk in the law library make copies of the disciplinary charges written against him and Smothers. Plaintiff considered the documents to be legal copies, but Defendant did not, and confiscated the documents. However, a superior officer directed Defendant to return the documents to Plaintiff, and the documents were returned the same day they were confiscated. Plaintiff needed the documents to prepare for his disciplinary hearing, and asserts the confiscation was further retaliation by Defendant.

8. Plaintiff has in essence raised two different claims: that he was subjected to excessive force, and that he was the victim of retaliation for the claim and grievances he filed after the use of force incident.

9. Because Plaintiff has already pursued his excessive force claim before the Arkansas Claims Commission, the doctrine of *res judicata* prevents him from bringing the claim again here. A claim is precluded by *res judicata* if: (1) the initial suit resulted in final judgment on the merits; (2) the initial suit was based on proper jurisdiction; (3) both suits are based upon the same claims or causes of action; (4) both suits involve the same parties or their privies. *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343 (8th Cir.1997). Defendant's exhibits #1-#3 demonstrate that Plaintiff's

Claims Commission action resulted in a judgment on the merits, involved the same claim, was based on proper jurisdiction, and involved those in privity with Defendant. Accordingly, Plaintiff cannot re-litigate his excessive force claim here.

10.     Plaintiff conceded that he violated prison rules on October 23, 2010, when Defendant issued the disciplinary charge Plaintiff alleged to be retaliatory. Plaintiff also conceded that he had a hearing and was convicted. Defendant's exhibit #5 is a copy of the hearing officer's findings. It is clear that Plaintiff received due process at the hearing, and there was some evidence of his guilt. Accordingly, Plaintiff cannot maintain a retaliation claim based on the October 23, 2010, disciplinary event. The Eighth Circuit has held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995); *Hartsfield v. Nichols*, 511 F.3d 826, 829-31 (8th Cir. 2008) (defendant may successfully defend retaliatory discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decisionmaker).

11.     Plaintiff's final claim is that the confiscation of the grievance copies on November 1, 2010, was further retaliation and an attempt to prevent him from gathering evidence against Defendant. However, the grievance forms were returned the same day, and Plaintiff testified that

5

nothing about the incident prevented him from filing future grievances. The conduct alleged is insufficient to establish a constitutional violation. *See Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007)(to succeed on retaliation claim, action taken must chill a person of ordinary firmness from engaging in the activity). Accordingly, Plaintiff's complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant Marcus I. Etherly, and WITHOUT PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions be DENIED.

DATED this  10  day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE